JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=========================================X

RALPHELL DAVIS, Individually, JAYLA DAVIS
And  JONATHAN DAVIS, infants by
their mother and natural guardian, RALPHELL
DAVIS,  JANTAE DAVIS, JALISA DAVIS,
JAZAMINE DAVIS individually and JAIDEN
DAVIS, an infant by his  mother and natural guardian
JAZAMINE DAVIS,

**CIV.**

              Plaintiffs,

**COMPLAINT**

        -against-

THE CITY OF NEW YORK, DETECTIVE ARIENDA,
shield no. 929648, and POLICE OFFICERS JOHN
DOES #1-10 (names and number of whom are unknown
at present, and other unidentified members of the New
York City Police Department),

**JURY TRIAL
DEMANDED**

**ECF CASE**

              Defendants.

=========================================X

## PRELIMINARY STATEMENT

1.     This is a civil rights action to recover money damages arising out

of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C.

Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to

the United States Constitution, and the laws of the State of New York. Plaintiffs, while

lawfully present in Apartment #5A at 1315 Amsterdam Ave. were in the County, City and

State of New York were stopped by defendant New York City police officers and arrested

without probable cause and unlawfully detained, handcuffed and brutalized. Further,

defendants maliciously prosecuted plaintiff, RALPHELL DAVIS, in violation of the

Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs were

deprived of their constitutional and common law rights when the individual defendants

unlawfully confined plaintiffs, caused the unjustifiable arrest of plaintiffs, and caused the

unlawful prosecution of plaintiff, RALPHELL DAVIS.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988,

and the First, Fourth and Fourteenth Amendments to the United States Constitution.

Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the

aforementioned statutory and constitutional provisions.

3.     The plaintiffs further invoke this Court's supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action

which derive from the same nucleus of operative facts and are part of the same case or

controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the

Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402

(b) because the claims arose in this district.

## PARTIES

5.     Plaintiffs and/or infant plaintiffs RALPHELL DAVIS, JANTAE

DAVIS, JONATHAN DAVIS , JALISA DAVIS and JAYLA DAVIS were citizens of the

United States and residents of the County, City and State of New York.

6.     Plaintiff JAZAMINE DAVIS and infant plaintiff JAIDEN DAVIS

were citizens of the United States and residents of the County of Queens, City and State

of New York.

7.      New York City Police Detective Arienda ("Arienda"), shield number 929648, squad 30-02 is and was at all times relevant herein an officer, detective, employee, and agent of the New York City Police Department.

8.      On the date of incident, July 22, 2010, Detective Arienda was assigned to the 26th precinct, Squad 30-62.

9.      Detective Arienda is being sued in his individual and official capacity.

10.     New York City Police Officers John Does #1-10 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

11.     Police Officers John Does #1-10 are being sued in their individual capacity and official capacity.

12.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

13.     Defendant City of new York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a

police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

14.     That on or about the 22nd day of July, 2010 at approximately 6:30 a.m. at Apartment #5A of 1315 Amsterdam Avenue, New York, New York the plaintiffs RALPHELL DAVIS and infant plaintiffs JANTAE DAVIS and JONATHAN DAVIS, JALISA DAVIS and JAYLA DAVIS were tenants lawfully residing at that apartment; the plaintiffs, JAZAMINE DAVIS and her son , JAIDEN DAVIS, were visitors to the apartment and invited guests lawfully present at the apartment.

15.     That on the above stated date and time Detective Arienda and officers of the New York City Police Department (police officers John Doe # 1-10) burst into the apartment without prior warning, Arienda and the officers were dressed in full riot gear, bullet proof vests, and had guns drawn and pointed at the plaintiffs; Detective Arienda and the other police officers broke down the door to the apartment with a sledge hammer.

16.     Arienda and the other police officers then arrested and detained all the plaintiffs and handcuffed them together except for the five year old infant plaintiff, JAIDEN DAVIS.

17.     The plaintiff, JANTAE DAVIS, was pulled naked out of a shower by arresting officers and handcuffed; the police officers ransacked and searched the

apartment.

18.     The officers conducted a search for guns and drugs they claimed was present in the apartment and also for an individual and named "Mike".

19.     Arienda and the officers then realized they had broken into the wrong apartment, but later claimed to have uncovered residue of marihuana on a window sill, outside the apartment.

20.     Arienda and the officers served the plaintiff, RALPHELL DAVIS, with a Desk Appearance Ticket ("DAT") for possession of marijuana.

21.     However, on the return date of her DAT no charges were lodged or filed with the court and the defendants or prosecutor refused to move forward with the criminal case.

22.     The individually named defendant police officers observed the other detective and officers or defendants violate plaintiffs' right under the Constitution of the United States and did nothing to prevent the violation of their Constitutional Rights.

23.     The false arrest, false imprisonment, malicious prosecution and failure to intervene by the individually named defendant police officers caused plaintiffs to sustain psychological and emotional trauma.

24.     A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

25.     The plaintiffs repeat, reiterate and reallege each and every

allegation contained in paragraphs marked 1 through 24 with the same force and effect as

if more fully set forth at length herein.

26.     Defendants Detective Arienda and Defendants Police Officers John

Does #1-10, who were acting in concert and within the scope of their authority, arrested

and caused plaintiffs to be imprisoned and criminally prosecuted without probable cause

in violation of plaintiffs' right to be free of an unreasonable search and seizure under the

Fourth Amendment of the Constitution of the United States and to be free of a

deprivation of liberty under the Fourteenth Amendment to the Constitution of the United

States.

## SECOND CAUSE OF ACTION

### False Arrest and False Imprisonment

27.     The plaintiffs repeat, reiterate and reallege each and every

allegation contained in paragraphs marked 1 through 26 with the same force and effect as

if more fully set forth at length herein.

28.     The acts and conduct of the defendants constitute false arrest and

false imprisonment under the laws of the State of New York and under the Fourth

Amendment to the United States Constitution. Defendants intended to confine plaintiffs

and, in fact, confined plaintiffs, and plaintiffs were conscious of the confinement. In

addition, plaintiffs did not consent to the confinement and the confinement was not

otherwise privileged.

29.     Defendants Detective Arienda and Police Officers John Does #1-

10 were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

30.     The Defendant, City of New York, was the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

31.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

### Malicious Prosecution By Plaintiff Ralphell Davis

32.     The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 31 with the same force and effect as if more fully set forth at length herein.

33.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

34.     Defendants commenced and continued a criminal proceeding against plaintiff, Ralphell Davis.

35.     There was actual malice and an absence of probable cause for the criminal proceeding against plaintiffs for each of the charges for which they were prosecuted.

36. The prosecution and criminal proceedings terminated favorably to plaintiff, Ralphell Davis.

37. Plaintiff was subjected to a deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

38. Defendants Detective Arienda and John Does #1-10 were at all times agents, servants, and employees acting within the cope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

39. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

40. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

41. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in the presence of other officers.

43. Defendants failed to intervene to prevent the unlawful conduct

described herein.

44.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subject to false arrest and malicious prosecution, and other physical constraints.

45.    Defendants Detective Arienda and Police Officers John Does #1-10 were at all times, agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

46.    The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

47.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

48.    The plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49.    The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Detective Arienda and Police Officers John Does #1-10, individuals who were unfit for the performance of police duties on April 23, 2010, at the

aforementioned location.

50.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

51.     Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the defendant, City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a.     That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b.     That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
Jan 30, 2013

By: _____

STEVEN SEENER, ESQ.
SEENER & SEENER, ESQS.
*Attorneys for Plaintiffs*
11 Park Place - 10th Floor
New York, New York 10007
Telephone No. 212-766-2050

VERIFICATION

STATE OF NEW YORK )

COUNTY OF NEW YORK ) SS.:

JANTAE DAVIS, being duly sworn, says:

I am the plaintiff in the within action as described in the complaint attached hereto. I am over the age of 18. I reside in New York State. I have read the foregoing complaint and know the contents to be true, except for those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me this

30th Day Jan., 2013.          JANTAE DAVIS

STEVEN SEENER
Notary Public - State of New York
No. 02SE4769665
Qualified in Suffolk County
Commission Expires 01/31/2015

VERIFICATION

STATE OF NEW YORK )

COUNTY OF NEW YORK )SS.:

JALIS A DAVIS, being duly sworn, says:

I am the plaintiff in the within action as described in the complaint attached hereto. I am over the age of 18. I reside in New York State. I have read the foregoing complaint and know the contents to be true, except for those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me this 30th Day Jan., 2013.

JALIS A DAVIS

STEVEN SEENER
Notary Public - State of New York
No. 02SE4769665
Qualified in Suffolk County
Commission Expires 01/31/20

VERIFICATION

STATE OF NEW YORK )

COUNTY OF NEW YORK )SS.:

RALPHELL DAVIS, being duly sworn, says:

I am the plaintiff in the within action as described in the complaint attached hereto. I am over the age of 18. I reside in New York State. I have read the foregoing complaint and know the contents to be true, except for those matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

Sworn to before me this

30th  Day Jan., 2013.    RALPHELL DAVIS

STEVEN SEENER
Notary Public - State of New York
No. 02SE4769665
Qualified in Suffolk County
Commission Expires 01/31/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================================

RALPHELL DAVIS, Individually, JAYLA DAVIS AND JONATHAN
DAVIS, infants by their mother and natural guardian, RALPHELL
DAVIS, JANTAE DAVIS, JALISA DAVIS, JAZAMINE DAVIS, individually
and JAIDEN DAVIS, an infant by his mother and natural guardian
JAZAMINE DAVIS,

                                        Plaintiffs,

            -against-


THE CITY OF NEW YORK , DETECTIVE ARIENDA, Shield no. 929648, AND POLICE
OFFICERS JOHN DOES # 1-10 (names and numbers of whom are unknown at present, and
other unidentified members of the New York City Police Department).
                                        Defendants.
==================================================================


# SUMMONS AND COMPLAINT

==================================================================



                    STEVEN SEENER, ESQ.
                    SEENER & SEENER
                    *Attorneys for Plaintiffs*
                    11 Park Place - 10th Floor
                    New York, New York 10007
                    Telephone No.  212-766-2050



**CERTIFICATION**
The foregoing documents, summons and complaint are hereby certified pursuant to 22
N.Y.C.R.R. 1301.1
Dated:  New York, New York
        JAN 30, 2013

                                        _____
                                        Steven Seener, Esq.